IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-308-PSF-PAC

RODNEY H. ENRIQUES,

    Plaintiff,

v.

NOFFSINGER MANUFACTURING CO., INC., a Colorado corporation,

    Defendant.

## ORDER ON DEFENDANT'S MOTIONS TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. # 5) ("first motion"), filed April 11, 2005, and Defendant's Motion to Dismiss (Dkt. # 13) ("second motion"), filed May 27, 2005. The second motion follows the filing of Plaintiff Rodney H. Enriques's Amended Complaint (Dkt. #12) on May 16, 2005.

## I. BACKGROUND AND PROCEDURAL HISTORY

Mr. Enriques filed suit on February 17, 2005, following his termination by Defendant Noffsinger Manufacturing Co., Inc. Mr. Enriques initially brought claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1), and Colorado common law. Compl. at 1, ¶ 1. Subsequently, Mr. Enriques filed an Amended Complaint on May 16, 2005, accepted by this Court, which omitted the claims brought pursuant to ERISA. Am. Compl. at 1, ¶ 1.

Mr. Enriques was employed at Noffsinger as a Plant Maintenance Supervisor at the time of his termination on March 12, 2004. Am. Answer at 2, ¶ 9. He alleges that he was employed by Noffsinger for nearly 34 years, beginning in July 1970. Am. Compl. at 2, ¶ 9. Claiming that his termination was unlawful, Mr. Enriques in his Amended Complaint seeks relief in the form of reinstatement, front pay, compensatory damages, and punitive damages for the alleged ADEA and Title VII violations, and damages for promissory estoppel, outrageous conduct, and breach of covenant of good faith and fair dealing. *Id.* at 3-6.

Prior to the filing of plaintiff's Amended Complaint, defendant moved to dismiss, for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6), plaintiff's ERISA-based claims, as well as plaintiff's promissory estoppel and outrageous conduct claims. Because the Amended Complaint omits the ERISA claims, that portion of defendant's motion is moot. *See also* Pl.'s Resp to Mot. Dismiss at 1 (conceding the motion to dismiss ERISA claims). However, defendant's later-filed motion to dismiss (Dkt. # 13) again challenged plaintiff's promissory estoppel and outrageous conduct claims. Additionally, defendant's first reply brief (Dkt. # 14) also included a motion to dismiss plaintiff's breach of covenant of good faith and fair dealing claim. Each claim will be dealt with individually.

## II.  ANALYSIS

### A.  Standard of Review

A cause of action will be dismissed for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that

the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The purpose of Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), generally accept a plaintiff's well-pleaded allegations as true, and construe all reasonable inferences in favor of the plaintiff. *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

### B.  Promissory Estoppel Claim

Plaintiff's promissory estoppel claim is based on his allegations that Noffsinger "made promises to Mr. Enriques regarding the longevity and security of his employment with Noffsinger." Am. Compl. at 5, ¶ 31. Mr. Enriques avers that such promises induced his justifiable, foreseeable and detrimental reliance, requiring damages. *Id.* at 5, ¶¶ 32-34; *see Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F. Supp. 2d 1200, 1212 (D. Colo. 1998) (promissory estoppel claim properly stated under Colorado law where complaint alleges a promise, detrimental reliance, and damages).

Noffsinger seeks dismissal of this claim on the basis that it is precluded by the existence of a written agreement. Def.'s Second Mot. Dismiss at 9. Despite the fact

that the second motion to dismiss comes after plaintiff's Amended Complaint, Noffsinger cites to plaintiff's *original* Complaint, which referenced a written Supplemental Benefits Agreement. *See* Compl. at 6, ¶ 37. Plaintiff's Amended Complaint contains no reference to a written agreement in the context of his promissory estoppel claim.

Defendant's first reply brief to its first motion to dismiss does address plaintiff's amended complaint, contending that even after amendment, the subject matter of the promissory estoppel claim is the same as that of the written Supplemental Benefits Agreement. Def.'s First Reply at 4. However, this argument, while perhaps appropriate at the merits stage with the benefit of discovery, is insufficient to dismiss the claim at the pleading stage, where a plaintiff's well-pleaded allegations must be accepted as true, and all reasonable inferences must be construed in favor of the plaintiff. It is not clear that the reference in the promissory estoppel claim of the Amended Complaint to "promises to Mr. Enriques regarding the longevity and security of employment with Noffsinger" refers to retirement benefits in the written Supplemental Benefits Agreement. Such pleading specificity, however, is not required for such a claim. *Compare* F.R.Civ.P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* F.R.Civ.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

Moreover, even if plaintiff's promissory estoppel claim does refer solely to the Supplemental Benefits Agreement, such a reference is not fatal to plaintiff's claim at the

4

pleading stage.  Although the Agreement states that the Company may terminate plaintiff's employment at any time, it also contemplates an exchange of consideration–namely, plaintiff's continuing to work at Noffsinger in exchange for certain benefits recited in the Agreement.  *See* Agreement at 1, attached as Exhibit A to Def.'s First Mot. Dismiss.  Such language could be interpreted as constituting an ambiguity in conjunction with other terms of that agreement, and may possibly constitute a promise having induced reliance on the part of Mr. Enriques.  Therefore, plaintiff's promissory estoppel claim survives defendant's motion to dismiss.

### C.  Outrageous Conduct Claim

Plaintiff's Amended Complaint alleges that defendant recklessly or intentionally engaged in "extreme and outrageous conduct by terminating Plaintiff for no reason after thirty-four years of loyal service to the company and just short of the age at which he would have been eligible for retirement benefits."  Am. Compl. at 6, ¶¶ 36-37.  Although "under Colorado law . . . discharge from employment, without more, is not outrageous conduct," a claim will lie where "the *manner* of the discharge, and the employer's conduct . . . [may support] a finding of outrageous conduct."  *Grandchamp v. United Airlines, Inc.*, 854 F.2d 381, 384-85 (10th Cir. 1988) (emphasis in original).

Noffsinger argues that plaintiff's claim cannot meet the standard set out in *Rugg v. McCarty*, 476 P.2d 753 (Colo. 1970), which states that liability for outrageous conduct is found where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.* at 756.  This is a high

5

burden, indeed, for a plaintiff.  Here, plaintiff has not pled that the manner of his termination was outrageous, even assuming it was handled in the abrupt and brusque manner as pled (*see* Am. Compl., ¶ 13), only that it occurred after 34 years and on the cusp of his entitlement to retirement benefits.  While plaintiff has averred that the termination was done recklessly or intentionally with the intent and effect of causing plaintiff's severe emotional distress (Am. Compl., ¶¶ 37-38), which may well be redressable under another cause of action contained in the Complaint, it is not actionable under the tort of outrageous conduct.  Plaintiff cites to no Colorado precedent recognizing such a cause of action in these circumstances.  Not all allegedly egregious behavior rises to the level of outrageous conduct under Colorado law, and the alleged conduct complained of in the Fourth Claim is one such example.   Plaintiff's outrageous conduct claim is therefore dismissed.

### D.  Breach of Covenant of Good Faith and Fair Dealing Claim

Plaintiff's good faith and fair dealing claim is based on a Supplemental Benefits Agreement, entered into between Mr. Enriques and Noffsinger.  Mr. Enriques alleges that this agreement, which provides for retirement, disability, and death benefits, also represented an implicit agreement that Mr. Enriques would be employed to retirement age provided he performed adequately.  Termination prior to his retirement was an alleged breach of Noffsinger's duty to Mr. Enriques.  Am. Compl. at 6-7, ¶¶ 40-42.

Noffsinger points out that the express, written terms of the Agreement state that no part of the agreement will "restrict the right of the Company to discharge the Key-Employee or restrict the right of the Key-Employee to terminate his employment."

Agreement at 3, attached as Exhibit A to Def.'s First Mot. Dismiss.  Plaintiff's claim for breach of the covenant of good faith and fair dealing must fail, as the implied agreement suggested by Mr. Enriques, employment until retirement, contradicts an express provision.  *See Soderlun v. Public Service Co. of Colo.*, 944 P.2d 616, 623 (Colo. App. 1997) ("The covenant of good faith and fair dealing, whether express or implied, does not inject new substantive terms into a contract or change its existing terms.") (citing *Amoco Oil Co. v. Ervin*, 908 P.2d 493 (Colo. 1995)).

      The Colorado Supreme Court has held that "[t]he duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract . . . [and t]he covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party."  *Amoco Oil Co.*, 908 P.2d at 498.  Discharge of the employee may be considered such a discretionary decision, affecting a party's reasonable expectations under the contract.  As *Amoco* recognizes: "The good faith performance doctrine is generally used to effectuate the intentions of the parties or to honor their reasonable expectations.  *Id.*  Plaintiff claims that the employer here should have expected reliance by him on such a covenant.  Plaintiff also claims at 2 of his response that defendants cannot rely on Colorado case law finding an absence of the implied covenant in employment-at-will contracts, *see Soderlun*, 944 P.2d at 623 (assuming an employment-at-will contract contains no implied covenant of good faith), as the words of the Agreement itself state that it "shall not be deemed to constitute a contract of employment."  Agreement at 3.

Because an implied covenant of good faith cannot change existing terms of a contract, it also "cannot limit an employer's right to discharge without cause, unless there is an express or implied promise, independent of the covenant of good faith itself, restricting that right." *Soderlun*, 944 P.2d at 623. Plaintiff here may be able to show such a promise, as evidenced by the survival of his promissory estoppel claim at this stage, but such a showing does not also create an independent claim for relief under the covenant of good faith, even assuming one exists in an employment context. *See Decker v. Browning-Ferris Industries*, 931 P.2d 436, 442 n.5 (Colo. 1997) (expressing "no opinion with respect to questions relating to the recognition of an implied covenant of good faith and fair dealing in the employment context"). Plaintiff's claim for breach of covenant of good faith and fair dealing is therefore dismissed.

## III.  CONCLUSION

For the foregoing reasons, defendant's first Motion to Dismiss (Dkt. # 5) and second Motion to Dismiss (Dkt. # 13) are DENIED as to the Third Claim for Relief in plaintiff's Amended Complaint, Promissory Estoppel, and are GRANTED as to the Fourth Claim for Relief and Fifth Claim for Relief in plaintiff's Amended Complaint, Outrageous Conduct and Breach of Covenant of Good Faith and Fair Dealing, respectively.

DATED: January 30, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge